## Buehler v. Paxson et al.

*D. J. Boyle* and *L. E. Bashore*, for plaintiff.
*Gallagher & Gallagher*, for defendants.

CURRAN, J., September 19, 1938.—A præcipe for summons in trespass was filed by plaintiff John G. Buehler, against defendants I. Earl Paxson and Clarence F. Unger, on March 29, 1938. On March 30, 1938, a summons in trespass was issued by the Prothonotary of the Court of Common Pleas of Schuylkill County in the following form:

"SCHUYLKILL COUNTY, *ss.*:

THE COMMONWEALTH OF PENNSYLVANIA,

TO THE SHERIFF OF SCHUYLKILL COUNTY,— GREETING

We command you, that you summon I. Earl Paxson, Clarence F. Unger, Late of your County, that they be and appear before our Judges at Pottsville, at our Court of Common Pleas, there to be held for the County of Schuylkill, on the FIRST MONDAY of May next, to answer John G. Buehler, of a plea of an action in Trespass, And have you then and there this writ.

WITNESS the Honorable ROY P. HICKS, President Judge of our said Court, at Pottsville, the 30th day of March A. D., one thousand nine hundred and thirty-eight.

s/ JOHN E. BEDDOW,<br>*Prothonotary.*"

Counsel for defendants filed a præcipe for appearance de bene esse, on May 2, 1938, and on the same day, filed a motion to quash the writ for the following reason:

"1. The court of common pleas has no jurisdiction of the above cause of action because the writ of summons was issued by the Honorable Roy P. Hicks, president judge of the court of common pleas, on the 30th day of March, 1938, who at the time occupied no official position as judge of the court of common pleas."

The form of the writ to be issued is prescribed by the Act of June 13, 1836, P. L. 568, sec. 1, which is as follows:

"That personal actions, except in cases where other process shall be especially provided, shall be commenced by a writ of summons, which shall be in the following form, to wit:

"[L. S.]    The Commonwealth of Pennsylvania, ......
...... county, ss. to the sheriff of said county, greeting: We command you that you summon ................., so that he be and appear before our court of ........... ............, to be holden at ..............., in and for said county, on the........ day of............. next, there to answer .................... of a plea, [setting forth briefly the cause of action or complaint] and have you then there this writ; Witness .......... ........., president [or as the case may be] judge of our said court, the ........ day of .................
Prothonotary."

The Act of April 14, 1834, P. L. 333, sec. 22, provides:
"Every court of Common Pleas shall have a seal for the use of said court, having engraven thereon such words and devices as are inscribed on the seal now in use in the respective court".

And, by Act of June 16, 1836, P. L. 784, sec. 12, the courts of common pleas have power to grant "under their judicial seals, all lawful writs and process necessary for the exercise of such jurisdiction".

A prothonotary of the court of common pleas, by virtue of the Act of 1834, supra, sec. 77, has power "to sign and affix the seal of the respective court to all writs and process, and also to the exemplifications of all records and process therein."

While complaint is made by defendants only to the fact that the summons issued was issued in the name of the Honorable Roy P. Hicks, president judge, who did not at the time of the issuance occupy that office, yet an examination of the record discloses also that the writ issued did not contain the seal of the court of common pleas. A reading of the act of assembly authorizing the issuing of

the writ (Act of 1836, sec. 12, supra), would indicate that the writ should be issued under the judicial seal.

No application has been made to the court to amend the writ in respect to the absence of the seal or to the fact that the name of Roy P. Hicks, president judge, appears thereon incorrectly.

No cases have been cited in the briefs of counsel, and we have been able to find no decisions in Pennsylvania with respect to the question raised by defendants in a motion to quash, to wit, the name of Roy P. Hicks upon the writ of summons.

The necessity for a writ to have affixed the seal of the court of issuance is decided in the case of Road in Lower Towamensing Twp., 10 Dist. R. 581, 582, from which we quote:

"All orders and process of the court must be authenticated by its seal: Benjamin *v.* Armstrong, 2 S. & R. 392; Com. *v.* Snowden, 1 Brews. 218. A writ is defined to be 'a precept in writing, couched in the form of a letter, running in the name of the king, president or State, issuing from a court of justice and sealed with its seal, addressed to the sheriff or other officer of the law, or directly to the person whose action the court desires to command, either as the commencement of a suit or other proceeding, or as incidental to its progress, and requiring the performance of a specific act, or giving authority and commission to have it done:' Black's Law Dic.; Burrill's Law Dic.; Bouvier's Law Dic. (Rawle's ed.). In Bryson's Road, 2 P. & W. 207, it is decided that the seal on an order of viewers is what gives the writ authenticity, and that its absence is a defect and not a mere informality."

As to the matter of the writ issuing in the name of the Honorable Roy P. Hicks, as president judge, it would appear that, the legislature having prescribed the form of the writ, no authority can be given either the court or the prothonotary to issue a writ of summons except in accordance with the provisions of the act of assembly, the act

providing that the name of the president judge shall appear in the writ.

The writ as issued therefore is defective and the motion to quash is sustained.

And now, September 19, 1938, the writ is directed to be quashed.